FILED
United States Court of Appeals
Tenth Circuit

February 25, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JESUS BAEZA; TERESA BAEZA
MIRALDA; JESUS D. BAEZA
CONTRERAS,

        Plaintiffs - Appellants,

v.

MARK MUNRO; ELI GOMEZ,

        Defendants - Appellees.

No. 19-2089
(D.C. No. 2:18-CV-00641-JAP-SMV)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **CARSON**, Circuit
Judges.

Plaintiffs Jesus Baeza, Teresa Baeza Miralda, and Jesus Baeza Contreras

appeal the district court's dismissal of their suit brought under 42 U.S.C. § 1983

against police officers from Hobbs, New Mexico, alleging violations of their

---

[*] After examining the briefs and appellate record, this panel determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fourth Amendment rights. The officers asserted qualified immunity and moved to dismiss the suit. Concluding the plaintiffs had failed to plead a violation of their clearly established constitutional rights, the district court granted the motion. Exercising jurisdiction under 28 U.S.C. § 1291, we agree with the district court's determination and AFFIRM.

The suit arises out of a search conducted at the Baeza residence in Hobbs, New Mexico. Because an automobile implicated in a murder investigation was allegedly in Baeza's repair shop at the time of the murder, the police obtained a warrant for Baeza's business records in his automobile repair shop and in his residence—which was located at the same address as the shop. Plaintiffs argued the resulting search of the residence and their personal items violated their Fourth Amendment rights because (1) the warrant was facially invalid, (2) the warrant lacked constitutional particularity, and (3) the search exceeded the scope of the warrant when officers seized electronic devices not related to Baeza's automobile business.

The district court rejected the plaintiffs' arguments. It concluded: (1) the warrant was sufficiently particular to allow the search of both buildings at the same address; (2) the warrant was sufficiently particular with regard to the particular items seized, because the search of those items was limited to automobile shop records; (3) the warrant was not substantively deficient and any

-2-

alleged deficiencies did not implicate Fourth Amendment rights; and (4) the plaintiffs failed to allege facts demonstrating that Officer Munro, the only named defendant who searched the house, exceeded the scope of the warrant.

On appeal, the appellants asserted the district court ignored well-pleaded facts. They then reiterated their arguments that the warrant was facially deficient because it included a false case number; that the search warrant was not sufficiently specific to be constitutionally particular; and that Officer Munro exceeded the scope of the warrant by searching rooms and items not related to Baeza's business.

We are not persuaded by the appellants' restatement of their arguments and agree with the district court's rationale and conclusions. We therefore AFFIRM for substantially the same reasons stated by that court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge